## CLEMENT, BLACKSTOCK, and VAN SLYK v. THE CHESAPEAKE AND DELAWARE CANAL COMPANY.

Court of Chancery.  New Castle.  March 8, 1827.

*Ridgely's Notebook V, 246.*

[*Read* for complainant.  *Bayard, McLane* and *Rogers* for defendants.]

A question arose between the counsel of the parties respectively, whether the defendants should begin and move for a dissolution of the injunction, that is, for making the rule absolute, or whether complainant's counsel should proceed (no exceptions being filed to further answer) to show cause orally, that is, to allege anything they thought proper against dissolution of the injunction.

*Mr. McLane,* for defendants, insisted that defendants should proceed with the motion for the dissolution, and cited 2 Madd.Ch. 342, (363 margin).  He also cited 18 Ves.Jr. 485, to show that the party in support of motion opened and sustained the motion.

*Mr. Rogers* cites 9 Ves.Jr. 355, *Berkly v. Brimn,* a case where counsel for plaintiff proceeded to show cause.

*Mr. McLane* cites 1 Ves. & Bea. 497, *Joseph v. Doubleday,* a case where defendant moved to make order absolute.  Defendants' motion here is to make the order absolute.

THE CHANCELLOR.  As no exceptions to the further answer are filed, and no cause upon the record is shown or filed, the course is for the defendants to move that the injunction be dissolved, according to the order made the 3rd instant.  The defendants are in the affirmative, therefore, on such motion.  The plaintiffs have stated and shown nothing, and therefore the defendants will proceed first.

*Mr. Rogers* then said that the agreement of the parties made at Dover, and other matters on the record, will be exhibited as sufficient cause against the dissolution of the injunction.

THE CHANCELLOR. That may be in argument hereafter, but it is not yet so shown, and as the complainants have not stated or shown or filed any cause whatever, the plaintiffs will proceed with their motion.

*Mr. Rogers.* We have filed an affidavit or affidavits.

THE CHANCELLOR. This is the first I have heard of the affidavits. The record showed no such thing when this question first arose. I examined the record and saw nothing of the kind noted, and until this moment the affidavit was not mentioned.

*Mr. Bayard,* for defendants, reads affidavit of service of order on Mr. Clement by Thomas Stockton, Register of this court, served on March 3. Affidavit made by Thomas Stockton this day.

*Mr. Read* for complainant. This affidavit is not evidence of notice. The form is not right. The solicitor of complainants had no notice. The defendants only served a copy of the order on Clement, according to the affidavit. . . .

*Mr. McLane* for defendants. 2 Madd.Ch. 225. Defendant or attorney present when order made for injunction, bound by it.

THE CHANCELLOR. The notice is sufficient that the motion should proceed. The counsel for the complainants were present in court when the order was made. I consulted them about the day on which the cause should be shown; and though they would not consent, and took no part in fixing on this day, yet they knew at the time of the order and of the day fixed by the Court on which the cause should be shown. A copy of the order was served by the Register on Mr. Clement, one of the complainants, on the 3rd of March; besides, since the 3rd of March, many of the papers filed with the further answer of the defendants, the Canal Company, have been allowed by the Court to be taken by the complainant's counsel for their inspection and examination, with the further answer. Now under all these circumstances, to decide that the solicitors of complainants had not notice of the order would be to shut my eyes and all my senses against plain, palpable facts; and against the plainest conviction of my senses. The notice is sufficient, and the motion must proceed.